2163C/js     #6190288

**DOCKETED**
**SEP 21 2004**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**04C 6131**

| | |
|---|---|
| JUDILYN F. STUTZ and JAMES J. STUTZ ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No.: |
| v. ) | |
| ) | JUDGE RONALD GUZMAN |
| NORTHERN LEASING, INC., and ) | Judge |
| KEVIN L. CAFFEE, ) | |
| ) | Magistrate Judge |
| Defendants. ) | MAGISTRATE JUDGE NOLAN |

FILED-ED4
04 SEP 21 PM 2:04
CLERK
U.S. DISTRICT COURT

## NOTICE OF FILING

TO: Mark E. Enright
Arnstein & Lehr
120 South Riverside Plaza
Suite 1200
Chicago, IL 60606

Please be advised that on September 21, 2004, we filed with the Clerk of the United States District Court, Northern District of Illinois, Eastern Division, **Defendant Kevin L. Caffee's Petition for Removal, Civil Cover Sheet, and Appearance & Jury Demand**, copies of which are attached hereto.

RADOGNO, CAMELI & HOAG, P.C.
Attorneys for Defendant
33 North LaSalle Street, Suite 1710
Chicago, Illinois 60602
312-726-7300

   I, Thomas F. Cameli, the attorney, certify that I mailed notice to all attorneys listed at the addresses listed above by depositing same in the U.S. Mail located at 33 North LaSalle Street, Chicago, Illinois on September 21, 2004, with proper postage prepaid.

THOMAS F. CAMELI
Attorney at Law

1-1

2163C/js

#6190288

**DOCKETED**
SEP 2 2 2004

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED-ED4
04 SEP 21 PM 12

JUDILYN F. STUTZ and JAMES J. STUTZ )
        Plaintiffs, )
v. )
NORTHERN LEASING, INC., and )
KEVIN L. CAFFEE, )
        Defendants. )

04C 6131

Case No.:

**JUDGE RONALD GUZMAN**
Judge
**MAGISTRATE JUDGE NOLAN**
Magistrate Judge

### DEFENDANT KEVIN L. CAFFEE'S PETITION FOR REMOVAL

To the Judges of the United States District Court for the Northern District of Illinois.

1. NORTHERN LEASING, INC., AND KEVIN L. CAFFEE are defendants in a Civil action brought in the Circuit Court of Cook County, State of Illinois, entitled <u>Judilyn F. Stutz and James J. Stutz v. Northern Leasing, Inc., and Kevin L. Caffee</u>, docket number 04 L 009119. A copy of the Summons and Complaint in that action is attached hereto and constitutes all process, pleadings and orders served on these defendants to date in said action. (See attached Exhibit "A").

2. The above-described action was commenced by service of process consisting of personal service of said Summons and Complaint upon defendant, KEVIN L. CAFFEE, on or about August 27, 2004.

3. The above-described civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. §1332 is one which may be removed to this Court by this defendant pursuant to the provisions of 28 U.S.C. §§1441 and 1446, in that the plaintiffs are citizens of and reside in the State of Ohio, that defendant NORTHERN LEASING,

1-1

INC., is a legal corporation, incorporated in the State of Illinois, and does not have an office within the State of Ohio and that defendant KEVIN L. CAFFEE is a citizen of and resides in the State of Illinois and has no residences or offices in the State of Ohio.

4. This defendant has a Good Faith belief that the amount in controversy of plaintiff's personal injury action exceeds the jurisdictional amount of Seventy-five Thousand Dollars ($75,000), exclusive of interests and costs.

5. This defendant attaches a copy of its Request to Admit to Plaintiffs pursuant to Illinois Supreme Court Rule 216 requesting that the plaintiffs admit that the damage award to the plaintiffs will in no event exceed the jurisdictional amount of $75,000, exclusive of interests and costs. To date, the plaintiffs have declined to make this admission. (See Attached Exhibit "B").

WHEREFORE, this defendant, KEVIN L. CAFFEE, petitions this Honorable Court for the entry of an order removing the above-captioned lawsuit from the Circuit Court of Cook County, Law Division, to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§§1332, 1441, and 1446.

Respectfully submitted,

RADOGNO, CAMELI & HOAG, P.C.

THOMAS F. CAMELI

RADOGNO, CAMELI & HOAG, P.C.
Attorneys for Defendants
33 North LaSalle Street, Suite 1710
Chicago, Illinois 60602
312-726-7300

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | (Rev. ½/01) CCG 0001 |
| SUMMONS | ALIAS - SUMMONS | |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

Judilyn F. Stutz and James J. Stutz

    Plaintiffs,

v.

Northern Leasing, Inc. and
Kevin L. Caffee

    Defendants.

No. _____

**Please Serve:**

Kenneth Dale Thompson, registered agent, Northern Leasing, Inc.
3184 East 25th Road
Marseilles, Illinois 61341

Kevin L. Caffee
9 Maplewood Lane
Ottawa, Illinois 61350

### SUMMONS

To each defendant: Northern Leasing, Inc. and Kevin L. Caffee

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at the following location:

- ■ Richard J. Daley Center, 50 W. Washington, Room __802__, Chicago, Illinois 60602
- ☐ District 2 - Skokie     ☐ District 3 - Rolling Meadows     ☐ District 4 - Maywood
  5600 Old Orchard Rd.     2121 Euclid     1500 Maybrook Ave.
  Skokie, IL 60077     Rolling Meadows, IL 60008     Maywood, IL 60153
- ☐ District 5 - Bridgeview     ☐ District 6 - Markham
  10220 S. 76th Ave.     16501 S. Kedzie Pkwy.
  Bridgeview, IL 60455     Markham, IL 60426

You must file within 30 days after service of this summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.
To the officer:
    This summons must be returned by the office or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

| | | |
|---|---|---|
| Atty. No.: | 25188 | WITNESS, **AUG 1 2 2004** |
| Name: | Martha K. Milia | |
| | ARNSTEIN & LEHR LLP | _[signature] Dorothy Brown_ |
| Atty. for: | Plaintiff | Clerk of Court |
| Address: | 120 South Riverside Plaza, Suite 1200 | Date of service: 8/27/04 |
| City/State/Zip: | Chicago, Illinois 60606 | (To be inserted by officer on copy left with defendant or other person) |
| Telephone: | 312-876-7100 | |

Service by Facsimile Transmission will be accepted at: _____
                                                               (Area Code)   (Facsimile Telephone Number)

913105v1

**EXHIBIT A**

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY**

Name of Defendant _____
Name of Person
Summons given to _____
Sex ___ Race ___ Approx. Age ___
Place of Service _____
Date of Service _____ Time ___
Date of Mailing _____
Thomas Templeton, Sheriff of LaSalle County
_____ Deputy

SHERIFF'S FEES
SERVICE _____
MILEAGE _____
RETURN 5.00
TOTAL _____

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| JUDILYN F. STUTZ and JAMES J. STUTZ, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. |
| v. | ) ) ) | |
| NORTHERN LEASING, INC. and KEVIN L. CAFFEE, | ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

Plaintiffs Judilyn F. Stutz ("Judy Stutz") and James J. Stutz ("James Stutz") (collectively "Plaintiffs"), by their attorneys, Arnstein & Lehr, LLP, complain of Defendants Northern Leasing, Inc. ("Northern Leasing") and Kevin L. Caffee ("Kevin Caffee") (collectively "Defendants") as follows:

1. At all times pertinent hereto, Plaintiff Judy Stutz was a resident of the City of North Olmsted, Cuyahoga County, Ohio.

2. At all times pertinent hereto, Plaintiff James Stutz was a resident of the City of North Olmsted, Cuyahoga County, Ohio.

3. Upon information and belief, Defendant Northern Leasing is an Illinois corporation doing business in Cook County, Illinois. Defendant Northern Leasing is in the cargo trucking business and is subject to Department of Transportation rules and regulations.

{537478:2}

4.  Upon information and belief, Defendant Kevin Caffee is a resident of the City of Ottawa, LaSalle County, Illinois and an employee and agent of Defendant Northern Leasing. At the time of the subject accident, Defendant Caffee was driving a semi-tractor trailer owned and operated by Defendant Northern Leasing.

5.  Venue is proper in this Court pursuant to Chapter 735, Sections 5/2-101(1) and 5/2-102(a) of the Illinois Code of Civil Procedure.

## COUNT I

6.  Plaintiffs incorporate paragraphs 1 through 5 above as if fully rewritten herein.

7.  On August 16, 2002, Defendant Caffee was operating a 1990 Kenworth semi-tractor trailer on westbound Interstate 80.

8.  At the time of the accident, Defendant Caffee was an agent and employee of Defendant Northern Leasing and was acting in the course and scope of his employment.

9.  Plaintiff Judy Stutz was occupying a 2001 Saturn LW2 wagon owned by non-parties Raymond and Janet Albert (collectively "the Alberts") on westbound Interstate 80 on August 16, 2002.

10. The truck driven by Defendant Caffee was operating in the same direction on Interstate 80, immediately behind the Alberts' vehicle.

11. Defendant Caffee failed to maintain an assured clear distance behind the Alberts' vehicle, breached his duty of ordinary care, and unlawfully and negligently struck the rear of the Alberts' vehicle.

12. As the employer of Defendant Caffee, Defendant Northern Leasing is vicariously liable for the negligent actions of its employee.

13. As a direct and proximate result of the negligence of Defendants, Plaintiff Judy Stutz sustained serious, progressive, permanent, chronic and life changing injuries, including, but not limited to, injuries to her back and left ankle.

14. As a direct and proximate result of the negligence of Defendants, Plaintiff Judy Stutz lost wages and other employment benefits.

15. As a direct and proximate result of the negligence of Defendants, Plaintiff Judy Stutz has suffered severe pain, mental anguish, and upset.

16. As a direct and proximate result of the negligence of Defendants, Plaintiff Judy Stutz has been required to incur medical care and treatment to diagnose her injuries and to attempt to remedy those injuries, including, but not limited to, post-traumatic osteoarthritis in her left ankle.

17. As a direct and proximate result of the negligence of Defendants, Plaintiff Judy Stutz has suffered pain and injuries which have greatly affected and limited her ability to work.

18. As a direct and proximate result of the negligence of Defendants, Plaintiff Judy Stutz has suffered pain and injuries which have affected and limited her ability to engage in the normal activities of her daily life.

19. As a direct and proximate result of the negligence of Defendants, Plaintiff Judy Stutz will continue to suffer pain and limitations in her ability to perform tasks in her normal work life, engage in her normal daily life and enjoy life as expected.

20. As a direct and proximate result of the negligence of Defendants, Plaintiff Judy Stutz has suffered permanent, chronic and life changing injuries to her body, and may have other injuries, as yet undiagnosed, proximately resulting from the accident caused by

Defendants.

21. As a direct and proximate result of the negligence of Defendants, Plaintiff Judy Stutz has incurred medical expenses directly related to the care and treatment required for injuries caused by this accident and may incur future expenses for additional required medical care and treatment caused by this accident.

22. As a direct and proximate result of the negligence of Defendants, Plaintiff Judy Stutz continues to incur lost wages and other employment benefits and will suffer lost wages and benefits in the future.

WHEREFORE, pursuant to Chapter 735, Section 5/2-604 of the Illinois Code of Civil Procedure, Plaintiff Judy Stutz prays for damages against Defendants Northern Leasing and Caffee, jointly and severally, in an amount greater than Fifty Thousand and 00/100 Dollars ($50,000.00), the exact amount to be determined at trial, as compensatory damages, together with costs incurred herein. Plaintiff Judy Stutz further prays for any and all other relief deemed appropriate by this Court.

## COUNT II

23. Plaintiffs incorporate paragraphs 1 through 22 above as if fully rewritten herein.

24. Plaintiff James Stutz is the husband of Plaintiff Judy Stutz.

25. As a direct and proximate result of the negligence of Defendants, Plaintiff James Stutz has suffered severe pain, mental anguish and upset.

26. As a direct and proximate result of the negligence of Defendants, Plaintiff James Stutz has also lost the comfort, companionship, services and normal relations of his wife due to her injuries sustained in this accident.

{537478:2}                                    4

WHEREFORE, pursuant to Chapter 735, Section 5/2-604 of the Illinois Code of Civil Procedure, Plaintiff James Stutz prays for damages against Defendants Northern Leasing and Caffee, jointly and severally, in an amount greater than Fifty Thousand and 00/100 Dollars ($50,000.00), the exact amount to be determined at trial, as compensatory damages, together with costs incurred herein. Plaintiff James Stutz further prays for any and all other relief deemed appropriate by this Court.

*[signature: Martha K. Milia]*

MARK E. ENRIGHT
MARTHA K. MILIA
Arnstein & Lehr, LLP
120 South Riverside Plaza, Suite 1200
Chicago, Illinois 60606
(312) 876-7100
Firm ID No. 25188

Counsel for Plaintiffs
Judilyn F. Stutz and James J. Stutz

## JURY DEMAND

Plaintiffs hereby demand trial that each and every issue of fact contained herein be tried to a jury.

*[signature: Martha K. Milia]*

MARK E. ENRIGHT
MARTHA K. MILIA
Arnstein & Lehr, LLP
120 South Riverside Plaza, Suite 1200
Chicago, Illinois 60606
(312) 876-7100
Firm ID No. 25188

Counsel for Plaintiffs
Judilyn F. Stutz and James J. Stutz

913166

{537478;2}

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| JUDILYN F. STUTZ and<br>JAMES J. STUTZ,<br><br>Plaintiffs,<br><br>v. | )<br>)<br>)<br>)<br>)<br>)<br>) | NORTHERN LEASING, INC. and )<br>KEVIN L. CAFFEE, )<br>)<br>Defendants. ) |

## AFFIDAVIT

I, Martha K. Milia, being first duly sworn upon oath, depose and state as follows:

(1) I am one of the attorneys representing the Plaintiffs in the instant lawsuit.

(2) The total of money damages in the instant lawsuit exceeds Fifty Thousand and 00/100 Dollars ($50,000).

FURTHER AFFIANT SAYETH NOT.

Martha K. Milia
Arnstein & Lehr, LLP
120 South Riverside Plaza
Suite 1200
Chicago, Illinois 60606
(312) 876-7100
Firm ID No. 25188

SUBSCRIBED and SWORN before me this _12_ day of August, 2004.

_____
Notary Public

913268

OFFICIAL SEAL
D NIEDHOLDT
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 11-20-06

1539387:1

2163C/js                                                     #40470

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT—LAW DIVISION

JUDILYN F. STUTZ and JAMES J. STUTZ  )
                                      )
         Plaintiffs,                  )
                                      )
v.                                    )  No.: 04 L 009119
                                      )
NORTHERN LEASING, INC., and           )
KEVIN L. CAFFEE,                      )
                                      )
         Defendants.                  )

## NOTICE OF FILING

TO:  Mark E. Enright
     Arnstein & Lehr
     120 South Riverside Plaza
     Suite 1200
     Chicago, IL 60606

Please be advised that on September 20, 2004, we filed with the Clerk of the Circuit Court of Cook County, Illinois, **Request to Admit to Plaintiff,** a copy of which is attached hereto.

RADOGNO, CAMELI & HOAG, P.C.
Attorneys for Defendant
33 North LaSalle Street, Suite 1710
Chicago, Illinois 60602
312-726-7300

I, Thomas F. Cameli, the attorney, certify that I mailed notice to all attorneys listed at the addresses listed above by depositing same in the U.S. Mail located at 33 North LaSalle Street, Chicago, Illinois on September 20, 2004, with proper postage prepaid.

_____
THOMAS F. CAMELI
Attorney at Law



2163C/js #40470

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT—LAW DIVISION

| | |
|---|---|
| JUDILYN F. STUTZ and JAMES J. STUTZ )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>NORTHERN LEASING, INC., and )<br>KEVIN L. CAFFEE, )<br>)<br>Defendants. ) | No.: 04 L 009118 |

### REQUEST TO ADMIT TO PLAINTIFF

NOW COMES the defendant, KEVIN L. CAFFEE, by and through his attorneys, RADOGNO, CAMELI & HOAG, P.C., and for his request to admit, pursuant Supreme Court Rule 216 directed to the plaintiffs, JUDILYN F. STUTZ and JAMES J. STUTZ, states as follows:

1. Admit that the damage award to you (the plaintiffs, JUDILYN F. STUTZ and JAMES J. STUTZ) will in no event exceed the jurisdictional amount the United States District Court for the Northern District of Illinois, which is $75,000.00, exclusive of interest and cost.

**ANSWER:**

Under penalties as provided by law pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he/she verily believes the same to be true.

_____
JUDILYN F. STUTZ


_____
JAMES J. STUTZ.

_____
THOMAS F. CAMELI

RADOGNO, CAMELI & HOAG, P.C.
Attorneys for defendants
33 North LaSalle Street, Suite 1710
Chicago, Illinois 60602
312-726-7300

3

**JUDGE RONALD GUZMAN**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

**04C 6131**

MAGISTRATE JUDGE NOLAN

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use <u>only</u> in the Northern District of Illinois.

| | |
|---|---|
| **Plaintiff(s):** JUDILYN F. STUTZ and JAMES J. STUTZ | **Defendant(s):** NORTHERN LEASING, INC., and KEVIN L. CAFFEE |
| County of Residence: | County of Residence: Cook |
| Plaintiff's Atty: Martha Milia<br>Arnstein & Lehr LLP<br>120 South Riverside Plaza,<br>Suite 1200 Chicago, IL 60606<br>312-876-7100 | Defendant's Atty: Thomas F. Cameli<br>Radogno, Cameli and Hoag, P.C.<br>33 N. LaSalle, Suite 1710<br>Chicago, Illinois 60602<br>312-726-7300 |

DOCKETED SEP 2 2 2004

FILED-ED4 04 SEP 21 PM 2:04 CLERK U.S. DISTRICT COURT

**II. Basis of Jurisdiction:** 4. Diversity (complete item III)

**III. Citizenship of Principal Parties** (Diversity Cases Only)
  Plaintiff:- 2 Citizen of Another State
  Defendant:- 1 Citizen of This State

**IV. Origin:** 2. Removed From State Court

**V. Nature of Suit:** 350 Motor Vehicle

**VI. Cause of Action:** This cause of action is filed pursuant to diversity jurisdiction under 28 USC 1332, 1441 and 1446.

**VII. Requested in Complaint**
  Class Action: No
  Dollar Demand:
  Jury Demand:

**VIII.** This case **IS NOT** a refiling of a previously dismissed case.

Signature: _____
Date: 9/21/04

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it.

1-2

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JUDGE RONALD GUZMAN

MAGISTRATE JUDGE NOLAN

In the Matter of

JUDILYN F. STUTZ and JAMES J. STUTZ,
    Plaintiffs,

v.

NORTHERN LEASING, INC., and KEVIN L. CAFFEE,
    Defendants.

**DOCKETED SEP 2 2 2004**

Case Number: **04C 6131**

FILED-ED 04 SEP 21 PM 12:40 CLERK U.S. DISTRICT COURT

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

---

**(A)**
- SIGNATURE: /s/
- NAME: Thomas F. Cameli
- FIRM: Radogno, Cameli & Hoag, P.C.
- STREET ADDRESS: 33 North LaSalle Street, Suite 1710
- CITY/STATE/ZIP: Chicago, IL 60602
- TELEPHONE NUMBER: 312.726.7300
- FAX NUMBER: 312.726.7302
- E-MAIL ADDRESS: tcameli@rchlawyers.com
- IDENTIFICATION NUMBER: 6190288
- MEMBER OF TRIAL BAR? YES ☑ NO ☐
- TRIAL ATTORNEY? YES ☑ NO ☐

**(B)**
- SIGNATURE: /s/
- NAME: Kevin W. Brownell
- FIRM: Radogno, Cameli & Hoag, P.C.
- STREET ADDRESS: 33 North LaSalle Street, Suite 1710
- CITY/STATE/ZIP: Chicago, IL 60602
- TELEPHONE NUMBER: 312.726.7300
- FAX NUMBER: 312.726.7302
- E-MAIL ADDRESS: kbrownell@rchlawyers.com
- IDENTIFICATION NUMBER: 6272000
- MEMBER OF TRIAL BAR? YES ☑ NO ☐
- TRIAL ATTORNEY? YES ☐ NO ☐
- DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐

**(C)**
- SIGNATURE: /s/
- NAME: Jessica L. Nugent
- FIRM: Radogno, Cameli & Hoag, P.C.
- STREET ADDRESS: 33 North LaSalle Street, Suite 1710
- CITY/STATE/ZIP: Chicago, IL 60602
- TELEPHONE NUMBER: 312.726.7300
- FAX NUMBER: 312.726.7302
- E-MAIL ADDRESS: jnugent@rchlawyers.com
- IDENTIFICATION NUMBER: 6280728
- MEMBER OF TRIAL BAR? YES ☑ NO ☐
- TRIAL ATTORNEY? YES ☐ NO ☐
- DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐

**(D)**
- SIGNATURE:
- NAME:
- FIRM:
- STREET ADDRESS:
- CITY/STATE/ZIP:
- TELEPHONE NUMBER:
- FAX NUMBER:
- E-MAIL ADDRESS:
- IDENTIFICATION NUMBER:
- MEMBER OF TRIAL BAR? YES ☐ NO ☐
- TRIAL ATTORNEY? YES ☐ NO ☐
- DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐

1-3

# INSTRUCTIONS FOR COMPLETING APPEARANCE FORM

1. General Information

Local Rule 53.17 provides that once an attorney has filed an appearance form on behalf of a party, no additional appearances or substitutions may be made without leave of court. The Rule also provides that the attorney may not withdraw without leave of court. Therefore, if more than one attorney is going to represent the party or parties shown on the front of this form, each should complete the attorney appearance section of the form.

This form is designed to permit the filing of appearances by up to four attorneys who represent the same party or parties. If more than four attorneys representing the same party or parties wish to file appearances, additional forms should be used and the letters (A), (B), (C), and (D) indicating the attorneys should be altered to (E), (F), (G), (H), respectively for the fifth through the eighth attorneys, etc.

2. Listing of Parties for Whom the Attorney is Appearing

The names of each of the parties represented by the attorney(s) filing the appearance are to be listed on the lines immediately below the words "Appearances are hereby filed by the undersigned as attorney(s) for:". The type of party, e.g., plaintiff, defendant, third party plaintiff, should follow each party. If all of the parties are of the same type, e.g., all parties represented are plaintiffs, then the type of party can be shown at the end of the listing of parties.

3. Completing Attorney Information

The information requested should be completed for each attorney filing an appearance. Where two or more attorneys are from the same firm, only the first listed from the firm need complete the information for firm name, street address, and city/state/ZIP. The others may indicate "Same as (letter designation of first attorney)."

4. Identification Number

Attorneys who are members of the Illinois bar should enter the identification number issued to them by the Illinois Attorney Registration and Disciplinary Commission (ARDC). Attorneys who are not members of the Illinois bar should leave this item blank.

5. Attorney (A) and Notices

Where more than one attorney is listed on the appearance form, all listed will be entered on the docket of the Clerk, as attorneys of record. However, notices will only be mailed to the attorney shown in box (A) on the form except where local counsel has been designated pursuant to Local Rule 83.15 (see below). The attorney is responsible for notifying all other attorneys included on the form of the matter noticed.

Where appearances are filed on behalf of attorneys representing a state or local government, e.g., states attorney, corporation counsel, the persons filing the appearance may wish to list the name of the assistant who is in active charge of the case in box (A) and the appearance of the head of the agency, e.g., attorney general, corporation counsel, or any other assistant assigned to such cases in subsequent boxes. In that way, the assistant in active charge will receive notice.

6. Appearances and Trial Bar Membership

All attorneys filing appearances must indicate whether or not they are members of the trial bar of this Court and whether or not they are the attorney who will try the case in the event that it goes to trial.

In criminal actions, an attorney who is not a member of the trial bar may not file an individual appearance. Pursuant to Local Rule 83.12, a member of the trial bar must accompany such attorney and must also file an appearance.

In civil actions, an attorney who is not a member of the trial bar should designate the trial bar attorney who will try the case in the event that it goes to trial. If a trial bar attorney is not listed on the initial appearance and the case goes to trial, a trial bar attorney, pursuant to Local Rule 83.17, must obtain leave of court to file an appearance.

7. Designation of Local Counsel

Pursuant to Local Rule 83.15, an attorney who does not have an office in this District may appear before this Court "only upon having designated, at the time of filing his/her initial notice or pleading, a member of the bar of this Court having an office within this District upon whom service of papers may be made." No attorney having an office in this District may designate local counsel. No attorney may designate more than one attorney as local counsel. Notices will be mailed by the Clerk's Office to both the attorney shown in box (A) and the attorney designated as local counsel.

8. Parties are Required to Consider Alternative Dispute Resolution

Pursuant to 28 U.S.C. §652(a), all litigants in civil cases pending before this Court are directed to consider the use of an alternative dispute resolution process at the earliest appropriate stage of the litigation. Such process may include mediation, early neutral evaluation, minitrial, or arbitration.

9. Local Rule 3.2 Requires Notification As To Affiliates

In every action in which an affiliate of a public company is a party, counsel for such party shall file with the Clerk a statement listing each public company of which such party is an affiliate. Where such party is a plaintiff the statement shall be filed with the complaint. Where such party is a defendant the statement shall be filed with the answer or motion in lieu of answer.